■ In the Matter of DANIEL C., Appellant. ONEIDA COUNTY ATTORNEY, Respondent. (Appeal No. 1.) [849 NYS2d 925]—Appeal from an order of the Family Court, Oneida County (Frank S. Cook, J.), entered April 28, 2005 in a proceeding pursuant to Family Court Act article 3. The order, among other things, adjudged that respondent committed acts that, if committed by an adult, would constitute the crimes of endangering the welfare of a child and unlawfully dealing with a child.

Appeal from an order of the Family Court, Oneida County (Frank S. Cook, J.), entered August 30, 2005 in a proceeding pursuant to Family Court Act article 3. The order, among other things, adjudged respondent to be a juvenile delinquent.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Family Court adjudicated respondent to be a juvenile delinquent based on the finding that he committed acts that, if committed by an adult, would constitute the crimes of endangering the welfare of a child (Penal Law § 260.10 [1]) and unlawfully dealing with a child (§ 260.20 [2]), arising from an incident in which he provided alcoholic beverages to three girls who were under the age of 16. Contrary to respondent's contention, we conclude that the court properly determined that the girls who received alcoholic beverages from respondent were not accomplices and that their testimony against him did not require corroboration, but our reasoning differs from that of the court. The court mistakenly relied on CPL 60.22 as the applicable statute concerning corroboration when, in fact, the statute applicable in juvenile delinquency proceedings is Family Court Act § 343.2. The girls violated Alcoholic Beverage Control Law § 65-c, which is a violation and not a "crime" within the meaning of Penal Law § 10.00 (6) because that Penal Law section defines the term "crime" as a misdemeanor or a felony. Family Court Act § 343.2 (2) requires corroboration where the witness "may reasonably be considered to have participated in: (a) the *crime* charged; or (b) a *crime* based on the same or some of the same facts or conduct which constitutes the crime charged in the petition" (emphasis added). Given that the girls may not reasonably be considered to have participated in any crime, there is no corroboration requirement for their testimony. Present—Hurlbutt, J.P., Centra, Fahey, Peradotto and Pine, JJ.